UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHIEMERIE EMMANUEL OGBODO,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.

Case No. 1:26-cv-2877

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Discussion**

**I. Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.7, 8 (requesting an "individualized consideration of alternative[s] to detention").) In an order entered on October 9, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 5.) Specifically, in the October 9, 2026, order, the Court stated:

> Respondents shall show cause in writing why the writ of habeas corpus and other relief requested in the petition should not be granted and, if a bond hearing was held in Immigration Court, file a transcript, or if a transcript is not available, a recording, of any bond hearing before an Immigration Judge . . . .

(*Id.*, PageID.18.) Respondents filed their response on October 9, 2026. (Resp., ECF No. 6.) Respondents did not indicate that Petitioner had received any prior bond hearing, nor did they file a transcript or recording of any bond hearing. (*See id.*)

Petitioner filed a supplement to his petition on October 13, 2026, which indicated, *inter alia*, that Petitioner had a bond hearing in March 2026. (Suppl. Pet., ECF No. 8, PageID.25.) Accordingly, in an order entered on October 16, 2026, the Court directed Respondents to file a supplemental response since, contrary to the Court's October 9, 2026, order, Respondents' original response did not provide any information about Petitioner's prior bond hearing. (Order, ECF No. 10.)[1] Respondents filed their supplemental response and a recording of the March 9, 2026, bond hearing on October 20, 2026, (Suppl. Resp., ECF No. 11; Recording of Mar. 9, 2026, Bond Hearing, filed on Oct. 20, 2026), and Petitioner filed his reply on October 20, 2026, (ECF No. 15).

## II. Relevant Factual Background

Petitioner is a citizen of Nigeria who entered the United States in 2022. (Suppl. Pet., ECF No. 8, PageID.25.) On February 2, 2026, Petitioner was arrested by ICE. (Suppl. Resp., ECF No. 11, PageID.129.)

On March 9, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Suppl. Pet., ECF No. 8, PageID.25.) At the conclusion of the March 9, 2026, hearing, the immigration judge denied Petitioner's request for bond because Petitioner had "two arrests for domestic violence with

[1] Petitioner also filed motion for extension of time to file his reply (ECF No. 13.) As set forth herein, the Court will conditionally grant Petitioner's § 2241 petition, which resolves the case. Therefore, Petitioner's motion is moot.

spouse." (Immigration Judge Order, ECF No. 11-3, PageID.140.) The Immigration Court then entered a longer, written decision in support of the bond denial, in which the Immigration Judge stated: "[Petitioner] did not meet his burden to demonstrate that he is not a danger to the community." (Immigration Judge Decision & Mem., ECF No. 11-1, PageID.133.) In addition, the Immigration Judge stated that the burden was on Petitioner at the March 9, 2026, bond hearing. (Recording of Mar. 9, 2026, Bond hearing, at 11:22–11:32, filed on Oct. 20, 2026.)

## III. Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## IV. Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## Conclusion

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment.

The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: October 23, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge